UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| **MARIE D. MILLER** | * | **CIVIL ACTION NO.  18-0894** |
| **VERSUS** | * | **JUDGE ELIZABETH E. FOOTE** |
| **CADDO PARISH SCHOOL BOARD** | * | **MAG. JUDGE KAREN L. HAYES** |

**REPORT AND RECOMMENDATION**

On November 20, 2018, the court issued an order requiring the parties to meet and prepare a Rule 26(f) case management report.  (Nov. 20, 2018, Order [doc. # 12]).  The court also set a telephone scheduling conference for 11:00 a.m. on December 20, 2018.  *Id*.

Plaintiff, however, failed to participate in the preparation of the Rule 26(f) report.  *See* Rule 26(f) Case Mgmt. Report [doc. # 13].  In addition, she neither provided defense counsel with a telephone number for the Rule 16(b) conference,[1] nor otherwise contacted the court on her own at the appointed date and time.

Accordingly, the court ordered plaintiff to show cause on or before January 7, 2019, why her complaint should not be DISMISSED with prejudice for failure to comply with an order of this court and/or to appear at the scheduling conference.  (Dec. 20, 2018, Order [doc. # 14]).  The court cautioned plaintiff that her continued failure to respond to court orders would serve as her tacit acknowledgment that she no longer wished to pursue the matter.  *Id*.

The latest deadline again has passed, without any further submission or response from the plaintiff.

---

[1] Defense counsel sent a letter to plaintiff asking her to provide him with a telephone number for purposes of initiating the conference call.  (Rule 26(f) Case Mgmt. Report).

## Law and Analysis

The Federal Rules of Civil Procedure provide that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed.R.Civ.P. 41(b) (in pertinent part). The Supreme Court has interpreted this rule as authorizing the district court to dismiss an action *sua sponte*, even without a motion by defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).

To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture effectively will constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case. As discussed above, plaintiff has ignored more than one court order. Also, as plaintiff is proceeding *in forma pauperis*, it is unlikely that she enjoys sufficient means to fund an

alternative monetary sanction.[2] Moreover, dismissal with prejudice may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue her cause of action.[3] Finally, plaintiff's unrepentant flaunting of court orders[4] reflects her own contumaciouness or "stubborn resistance to authority"[5] which is personally attributable to her as a litigant unrepresented by counsel.[6]

For the foregoing reasons,

IT IS RECOMMENDED that plaintiff's complaint be DISMISSED WITH PREJUDICE in accordance with the provisions of Fed.R.Civ.P. 41(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final

---

[2] *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[3] Certainly, if plaintiff disputes this inference, she may so demonstrate in her objection to the instant report and recommendation.

[4] This report and recommendation itself provides plaintiff with further notice of her non-compliance.

[5] *See Millan, supra*.

[6] While the court is aware that plaintiff is not represented by counsel, "'the right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 9th day of January 2019.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE